## Joyce v. Central Medical Health Services

Plaintiff brought an action against defendants with the Arbitration Panels for Health Care on February 21, 1978. Defendant, F. Q. Gonzales answered the complaint on May 3, 1978, and counterclaimed against plaintiff for the loss of reputation and loss of business sustained as a result of plaintiff's law suit. Plaintiff interposed preliminary objections in the nature of a demurrer and motion to strike the counterclaim, and preliminary objections in the nature of a motion to strike the pleadings for failure to conform to law. Plaintiff contends that the allegations made in the pleadings are privileged and cannot be made the basis for any claim of libel or defamation by defendant. While we agree with plaintiff's contention in this regard, we find that we must dismiss defendant's counterclaim for want of subject matter jurisdiction over his claim.

The Arbitration Panels for Health Care are established pursuant to the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, as amended, 40 P.S. §1301.101 et seq., (act). Section 309 of the act, 40 P.S. §1301.309 defines the jurisdiction of the arbitration panel:

"§309. Jurisdiction of Arbitration Panel

"The arbitration panel shall have original exclusive jurisdiction to hear and decide any claim brought by *a patient or his representative for loss or damages resulting from the furnishing of medical services which were or which should have been provided.* The arbitration panel shall also have original exclusive jurisdiction to hear and decide any claim asserted against a nonhealth care provider who is made a party defendant with a health care provider." (Emphasis supplied.)

Section 102 of the act, 40 P.S. §1301.102, states the act's purpose:

"§1301.102. Purpose

"It is the purpose of this act to make available professional liability insurance at a reasonable cost, and to establish a system through which a person who has sustained injury or death as a result of tort or breach of contract by a health care provider can obtain a prompt determination and adjudication of his claim and the determination of fair and reasonable compensation."

In interpreting these sections, this tribunal has decided that the clear intent of the legislature was to limit the types of cases heard by the arbitration panels to claims by a patient or his representative for loss or damages resulting from a breach of contract or tort in relation to the furnishing of medical services. Consistent with this narrow interpretation of the act, we have held that the wife of a patient-plaintiff may not bring an action for intentional infliction of mental distress in her own right before the Arbitration Panels for Health Care. See McCarry v. Eugenia Hospital, No. M77-0415, opinion of the administrator, filed August 25, 1978. More recently we denied jurisdiction over a counterclaim in assumpsit by a defendant hospital for the medical bills owed it by plaintiff: Loverdi v. Mercy Catholic Medical Center, No. M77-0383, opinion of the administrator, filed November 1, 1978. In that case we recognized that the arbitration panels are charged with the difficult task of deciding complex claims of medical malpractice, and the clear intent of the legislature in forming the panels for this limited purpose would be defeated by requiring this tribunal to entertain claims other

than those directly related to claims of medical malpractice. Therefore, as we find we are without jurisdiction over this claim, we enter the following

## ORDER

And now, November 15, 1978, upon consideration of plaintiff's preliminary objections to defendant's counterclaim, it is hereby ordered and decreed that said counterclaim be dismissed for want of jurisdiction.